RICHARD C. EYMANN
Eymann Allison Hunter Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101
(509) 458-5977 (facsimile)
eymann@eahjlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

CHARLES WALTER LARKIN III, Personal Representative of the ESTATE OF STEPHANIE NICOLE LARKIN; and SIDNEY P. OTTEM, as Guardian Ad Litem for Z.G., minor child of STEPHANIE NICOLE LARKIN; and CHARLES LARKIN III and EVA LARKIN, husband and wife and parents of STEPHANIE NICOLE LARKIN,

Plaintiffs,

v.

COMMUNITY HEALTH SYSTEMS, INC., a Delaware corporation, d/b/a CHSPSC, LLC, a Delaware corporation, d/b/a Yakima HMA, LLC, d/b/a Yakima Regional Medical and Cardiac Center,

Defendants.

NO. _____

**COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH**

**JURY TRIAL**

COME NOW the plaintiffs, and for causes of action against the defendants, allege as follows:

## I. JURISDICTION AND VENUE

1.1 Plaintiffs allege an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

1.2 This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

1.3 There is complete diversity of citizenship between plaintiffs and defendants.

1.4 Venue is proper in the United States District Court for the Eastern District of Washington under 28 U.S.C. § 1391(b)(2). All acts of medical negligence set forth in this Complaint occurred in Yakima County, Washington. The Plaintiffs reside in Yakima County, Washington.

## II.  I. PARTIES

1.1 Plaintiff CHARLES WALTER LARKIN III, is the duly appointed Personal Representative of the ESTATE OF STEPHANIE NICOLE LARKIN, having been appointed on February 15, 2018 by Order of the Yakima County Superior Court, Cause No. 18-4-000753-9. Plaintiff Charles Larkin, at all times material hereto, was and is a resident of Yakima County, Washington. Plaintiff Charles Larkin brings this action under RCW 4.20, *et seq.*, on behalf of the Estate of Stephanie Nicole Larkin and all lawfully entitled beneficiaries.

1.2 Attorney SIDNEY P. OTTEM was appointed Guardian Ad Litem for Minor Child Z.G. on October 10, 2018. Z.G. is the biological son of Stephanie Nicole Larkin, deceased, and a resident of Yakima County.

1.3 CHARLES LARKIN and EVA LARKIN, husband and wife, are the parents of Stephanie Nicole Larkin, deceased, and were present during the hospitalization that is the subject of this lawsuit.

1.4    Defendant COMMUNITY HEALTH SYSTEMS, INC. (hereafter "CHSI" or "Community Health Systems, Inc."), is a Delaware corporation, with its principal place of business in Franklin, Tennessee. CHSI was doing business as CHSPSC, LLC, a Delaware corporation. During all times relevant to the facts alleged in this Complaint, CHSI was doing business as Yakima HMA, LLC, d/b/a Yakima Regional Medical and Cardiac Center.

1.5    On information and belief, physicians, resident physicians, physicians with fellowships, hospitalists, nurses and other medical staff who treated or otherwise provide medical services to Stephanie Nicole Larkin at CHSI/Yakima Regional in January of 2017, including but not limited to Mark Silverstein, M.D. and San Kaung, M.D., were employees and/or agents of defendant CHSI/Yakima Regional.

1.6    Defendants collectively are referred to in this Complaint as "CHSI/Yakima Regional."

### III.    WAIVER OF PHYSICIAN PATIENT PRIVILEGE

3.1    Plaintiff Charles Walter Larkin III, asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the respective plaintiffs hereby waive their physician/patient privilege. That waiver is conditioned and limited as follows:

(1) The plaintiffs do not waive the constitutional right of privacy; (2) The plaintiffs to not authorize contact with either their own or the deceased's health care providers of any kind except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Representatives of the defendants, including those connected in any manner to insurance companies, are specifically instructed not to attempt ex-parte contacts with their own health care providers or the health care

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 3

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

providers of the deceased plaintiff; and, (4) Representatives of the defendants are specifically instructed not to write letters to either their own or the deceased plaintiff's health care providers telling them that they may mail copies of records to the defendants.

In the case of *Loudon v. Mhyre*, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex-parte contact with the plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the plaintiff's treating physicians when the plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex-parte contact, but is limited to the formal discovery methods provided by court rule.

*Loudon*, at 675-676.

### IV.    FACTS

4.1    On information and belief from various sources, including medical records, the following facts are alleged:

4.2    On January 1, 2017, 29-year-old Stephanie Nicole Larkin, a single mother of 6-year-old Z.G., was hospitalized at CHSI/Yakima Regional for a tailbone cyst abscess and general weakness. On admission, she was known to have a history of lupus erythematosus, an auto-immune disease, which can be effectively treated and most people with the disease can lead active healthy lies with normal life expectancy. It is typically treated by rheumatologist physicians.



4.3    During the hospitalization, the abscess essentially healed, but Stephanie's condition steadily deteriorated while hospitalized over a 19-day period.

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 4

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

4.4   Some physicians and nurses made recommendations to transfer Stephanie to a different facility with a higher level of care, including inpatient rheumatology services. There were repeated family requests for such transfer. However, CHSI/Yakima Regional wrongfully kept Stephanie at its facility.

4.5   On January 19, 2017, CHSI/Yakima Regional finally approved transfer of Stephanie to Deaconess Medical Center in Spokane, Washington when she was near death.

4.6   Despite heroic efforts by Deaconess staff and physicians, Stephanie Larkin's condition was such that she did not recover and died on January 20, 2017 at the young age of 29 years.

4.7   Community Health Systems, Inc., d/b/a CHSPSC, LLC provides hospital management, consulting, and advisory services to community hospitals and health systems. CHSI has faced criminal charges and civil claims relating to criminal fraud for overbilling and overcharging and filing misleading financial reports. CHSI has also faced whistleblower lawsuits alleging unnecessary admissions and/or prolonged admissions to its hospitals all the while understaffing, thus putting profits ahead of patient care and jeopardizing patient health. It is the kind of very conduct that was a cause of Stephanie Larkin's iatrogenic below standard care and outrageously negligent treatment, and ultimately a cause of her tragic death.

## CAUSES OF ACTION

### V.   NEGLIGENCE AND PROXIMATE CAUSE

5.1   Plaintiffs hereby reincorporate each and every allegation contained in paragraphs 1.1 through 4.5 above.

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 5

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

5.2 Plaintiffs sustained injuries and damages due to the independent negligence of CHSI/Yakima Regional and/or its respective professional employee physicians, hospitalists, nurses, pharmacists, delegates, agents, administrators, staff, representatives and/or employees, including but not limited to Mark Silverstein, M.D. and San Kaung, M.D., for whom CHSI/Yakima Regional is vicariously liable. These persons failed to exercise the degree of care, skill and learning expected of a reasonably prudent health care provider in the state of Washington, acting in the same or similar circumstances, in providing negligent care, failure to provide a proper hospital environment, failure to communicate, and failure to timely transfer to a qualified medical facility.

5.3 Plaintiffs' injuries and damages were and are due to the negligence of CHSI/Yakima Regional in providing medical care, medical treatment and medication, and also in monitoring and controlling the competence and practice of physicians and/or pharmacists using their facilities and/or in failing to properly train, supervise, review and monitor their professional employee physicians, nurses, pharmacists, staff, employees, administrators and/or other persons over whom they exercised control.

5.4 CHSI/Yakima Regional's professional employee physicians, hospitalists, nurses, pharmacists, delegates, agents, administrators, staff, representatives and/or employees further failed to exercise the degree of care, skill, and learning expected of a reasonably prudent health care provider in the state of Washington, acting in the same or similar circumstances, at the time of Stephanie's treatment.

5.5 Further, there was a failure to communicate among CHSI/Yakima Regional's professional employee physicians, nurses, pharmacists, hospitalists, agents, administrators, staff, representatives, employees, systems management,

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 6

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

and consulting physicians about Stephanie Larkin's increasingly critical condition and her need for immediate transfer to a medical facility equipped to treat her medical condition many days before being transferred.

5.6    CHSI/Yakima Regional further failed to exercise the degree of care, skill and learning expected of a reasonably prudent health care provider in the state of Washington, acting in the same or similar circumstances, in connection with training, credentialing, supervising and/or monitoring of their professional employee physicians, nurses, pharmacists, delegates, agents, administrators, staff, representatives and/or employees and in failing to adopt or enforce customs, policies, or procedures or otherwise failing to act to protect patient Stephanie Larkin from negligent acts by said individuals.

5.7    CHSI/Yakima Regional further failed to provide a proper hospital environment and staffing during Stephanie Larkin's admission, necessitating Stephanie's family to provide her food, necessities, and perform nursing duties, including bathing and other hygiene tasks.

5.8    CHSI/Yakima Regional committed other acts of corporate negligence as may be proven at the time of trial.

5.9    The failures and negligent acts of CHSI/Yakima Regional were a proximate cause of Stephanie Larkin's untimely death and plaintiffs' injuries and damages.

## VI.    TORT OF OUTRAGE

6.1    Plaintiffs hereby reincorporate paragraph 1.1 to 5.9 as if fully set forth herein.

6.2    Defendant CHSI/Yakima Regional engaged in extreme and outrageous conduct amounting to intentional or reckless infliction of severe emotional distress.

6.3    As a direct and proximate result of Defendant CHSI/Yakima Regional's employees' verbal pronouncements, errors and/or omissions, Stephanie Larkin experienced the physical and mental horror of being told by hospital staff with witnesses present that she was going to die unless she was transferred to a different hospital knowing that if she died, her six-year-old son would be significantly adversely affected. Plaintiffs Z.G., Charles and Eva Larkin suffered damages, and will continue to suffer in the future, emotional distress and consortium losses in this regard as each were present during most of the chronic outrageous conduct.

## VII.    INFORMED CONSENT

7.1    Plaintiffs hereby reincorporate each and every allegation contained in paragraphs 1.1 through 6.3.

7.2    Defendants, and each of them, failed to inform Stephanie Larkin of a material fact or facts relating to her care and treatment specifically, but not limited to, the fact that defendant hospital was ill equipped to care or treat her lupus disease and its sequalae.

7.3    Stephanie Larkin and/or her parents consented to the care and treatment of Stephanie without being made aware of or fully informed regarding material facts.

7.4    The care and treatment or lack thereof that defendants provided or failed to provide to Stephanie was a proximate cause of her untimely death.

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 8

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

## VIII. INFERENCE OF NEGLIGENCE

8.1 Plaintiffs hereby reincorporate each and every allegation contained in paragraphs 1.1 through 7.4.

8.2 The manner of death of Stephanie and attending circumstances are of such character as would warrant an inference that the death would not have occurred if the requisite standard of care had been exercised by the defendants, and each of them.

8.3 The medical care and treatment which ultimately resulted in the untimely death of Stephanie was, at all material times, under the control of the defendants, and each of them.

8.4 Stephanie Larkin would not have died had the defendants exercised the requisite standard of care.

## IX. DAMAGES

9.1 Plaintiffs hereby reincorporate each and every allegation contained in paragraphs 1.1 through 8.4.

9.2 As a direct and proximate result of the defendants' aforesaid negligence and outrageous conduct, Stephanie Larkin's life was wrongfully ended on January 20, 2017 when she was just 29 years old and mother of a 6-year-old son causing injuries and damages to plaintiffs as described herein.

9.3 As a direct and proximate result of the defendants' negligence and outrageous conduct, the Estate of Stephanie Larkin sustained general and special damages including, but not limited to, past medical expenses, funeral and burial expenses, out-of-pocket expenses, future earnings and/or earning capacity, pre-death pain and suffering, and fear of impending death, all in an amount as the trier

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 9

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

of fact may find as reasonable and just under the facts and circumstances of the case.

9.4  As a further direct and proximate result of the defendants' negligence and outrageous conduct and the resulting untimely death of Stephanie, the minor son has sustained, and will continue to sustain in the future, the loss of the child-parent relationship, and the loss of the love, affection, guidance, services and support of his deceased mother, along with other special and general damages, all in an amount as the trier of fact may find as reasonable and just under the facts and circumstances of the case.

## X.   DEMAND FOR JURY

10.1  Plaintiffs demand a jury trial in this action.

## PRAYER

WHEREFORE, plaintiffs pray for judgment against the defendants, jointly and severally, as follows:

1. For plaintiffs' general and other damages, all in amounts to be determined at the time of trial;

2. For the Estate of Stephanie Larkin's special and general damages, including but not limited to, past medical expenses, funeral and burial expenses, out-of-pocket expenses, pre-death pain and suffering, fear of impending death, lost earning capacity and future wage loss, and such other damages, all in amounts to be proven at the time of trial;

3. For judgment against defendants to fully compensate plaintiff minor son for the loss of the parent-child relationship, and the loss of the love, affection,

COMPLAINT FOR MEDICAL NEGLIGENCE AND
WRONGFUL DEATH - 10

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

care, services, companionship, guidance and support of his deceased mother, in an amount to be proven at the time of trial;

    4.    For costs and disbursements incurred herein;

    5.    For prejudgment interest;

    6.    For attorneys' fees; and

    7.    For such other and further relief as the Court may deem just and equitable.

DATED this 10 day of January, 2019.

EYMANN ALLISON HUNTER JONES P.S.

By: _____
RICHARD C. EYMANN, WSBA #7470
2208 West Second Avenue
Spokane, WA 99201
(509) 747-0101
***Attorneys for Plaintiffs***