FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES WALTER LARKIN III, Personal Representative of the ESTATE OF STEPHANIE NICOLE LARKIN; and SIDNEY P. OTTEM, as Guardian ad Litem for Z.G., minor child of Stephanie Nicole Larkin; and EVA LARKIN,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., a Delaware corporation, d/b/a Yakima HMA, LLC, d/b/a Yakima Regional Medical and Cardiac Center,<br><br>　　　　　　Defendant. | No.　1:19-cv-03005-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Community Health Systems, Inc.'s ("CHSI") Motion to Dismiss for Lack of Jurisdiction, ECF No. 6. Plaintiffs oppose the motion. ECF No. 10. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

## BACKGROUND

On January 1, 2017, 29-year-old Stephanie Nicole Larkin, a single mother, was hospitalized at Yakima Regional Medical and Cardiac Center ("the hospital")

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 1

for a tailbone cyst abscess and general weakness. ECF No. 1 at 4. She had a history of lupus erythematosus, an autoimmune disease that can be effectively treated. *Id.* It is typically treated by rheumatologist physicians. *Id.* During the 19-day hospitalization period, the abscess essentially healed, but Larkin's condition steadily deteriorated. *Id.*

Some physicians and nurses made recommendations to transfer Larkin to a different facility with a higher level of care, including inpatient rheumatology services. *Id.* at 5. The family repeatedly requested such transfers. *Id.* However, the hospital wrongfully kept Larkin at its facility. *Id.* On January 19, 2017, the hospital finally approved Larkin's transfer to Deaconess Medical Center in Spokane, Washington. *Id.* Despite efforts by Deaconess staff and physicians, Larkin's condition was such that she did not recover. *Id.* She passed away at the Deaconess Medical Center on January 20, 2017. *Id.*

On January 11, 2019, Plaintiffs filed a complaint against CHSI in this Court, alleging failure to obtain informed consent, negligence, and outrage. ECF No. 1. They claim that CHSI was doing business as Yakima HMA, LCC, which was doing business as the hospital. *Id.* Plaintiffs further allege that the "physicians, resident physicians, physicians with fellowships, hospitalists, nurses and other medical staff who treated or otherwise provide medical services to . . . Larkin . . . were employees and/or agents of defendant CHSI/Yakima Regional." *Id.* at 3.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 2

CHSI is a Delaware corporation with its principal place of business in Tennessee. *Id.* CHSI owns the stock of CHS/Community Health Systems, Inc.; which is the sole member of Health Management Associates, LLC; which is the sole member of Hospital Management Associates, LLC; which is the sole member of Yakima HMA, LLC. ECF No. 14 at 5.

## LEGAL STANDARD

In resolving a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) on written materials, a court accepts uncontroverted facts in the complaint as true and resolves conflicts presented in affidavits in the plaintiff's favor. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Courts may consider evidence presented in affidavits and declarations to determine whether personal jurisdiction exists over a defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where a defendant's motion is based on a written record of affidavits and discovery materials and no evidentiary hearing is held, the plaintiff need only make a prima facie showing of jurisdictional facts. *Picot v. Weston*, 780 F.3d 1206, 1210 (9th Cir. 2015); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Unocal Corp.*, 248 F.3d at 922.

A court exercises personal jurisdiction over a defendant if (1) it is permitted

by the state's long-arm statute and (2) the exercise of jurisdiction does not violate federal due process. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

The Court first "begins its personal jurisdiction analysis with the long-arm statute of the state in which the court sits." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the Court's personal jurisdiction to the broadest reach permitted by the United States Constitution. *See* Wash. Rev. Code ("RCW") § 4.28.185. Because Washington's long-arm statute is coextensive with federal due process requirements, the jurisdictional analysis is the same. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945); *see Walden v. Fiore*, 571 U.S. 277, 283 (2014). The strength of "minimum contacts" required depends on the type of jurisdiction invoked: general, "all-purpose," or specific, "conduct-linked." *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014).

**A. General Jurisdiction**

To establish general jurisdiction, a plaintiff must demonstrate that the

defendant has continuous and systematic contacts sufficient to approximate physical presence in the state. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). The standard is "exacting" because it would allow a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. *Schwarzenegger*, 374 F.3d at 801.

A foreign entity must have affiliations so continuous and systematic as to render it "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (corporations); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (limited liability companies).

**B.     Specific Jurisdiction**

To establish specific jurisdiction, a plaintiff must show that the defendant's suit-related conduct "creates a substantial connection with the forum State." *Walden*, 571 U.S. at 284. Three requirements must be satisfied: (1) the defendant either "purposefully direct[s]"[1] its activities or "purposefully avails"[2] itself of the benefits afforded by the forum's laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The requisite minimum contacts must arise

---

[1] A purposeful direction analysis is generally used in suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802.

[2] A purposeful availment analysis is generally used in suits sounding in contract. *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 5

out of contacts that the defendant itself creates with the forum state, and not the defendant's contacts with persons who reside there. *Walden*, 571 U.S. at 284.

## DISCUSSION

CHSI argues that Plaintiffs fail to establish both general and specific jurisdiction. ECF No. 6 at 5. It posits that it is not doing business as Yakima HMA or Yakima Regional Medical and Cardiac Center ("the hospital") and that it has no offices, agents, or employees in the state of Washington. *Id.* at 2. It contends that the only relationship with the hospital where Larkin was admitted is as a remote parent company. *Id.* And because merely having an "indirect ownership interest in a Washington company," it argues, does not subject it to the Court's personal jurisdiction, it notes that dismissal is appropriate. *Id.* at 6. In support, it submits the declaration of Justin D. Pitt, the Chief Litigation Counsel for a company that provides consulting services to CHSI in its role as a publicly-traded company. ECF No. 7.

Plaintiffs oppose the motion and request oral argument.[3] ECF No. 10. They argue that through CHSI's own public filings, press releases, interactive website, and lobbying activities, it has established that it is not merely a remote parent company and that it does transact business in Washington. *Id.* In support, they submit

---

[3] As the Court finds that oral argument is not warranted under Local Civil Rule 7(i)(3)(B)(iii), the Court considered the motion without oral argument on the date signed below.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 6

the declaration of Richard C. Eymann, counsel of record, who appends various materials including CHSI's website, annual report, and registration information. *See generally* ECF No. 11.

Importantly, the affidavits and documentary evidence presently before the Court create one coherent picture, so the Court need not resolve any conflicts in Plaintiffs' favor. Consistent with Pitt's declaration, Plaintiffs' own documentary evidence shows that CHSI is a holding company with no employees. *See, e.g.*, ECF No. 11-13 at 4 n.1. Its *subsidiary* companies and partnerships, not CHSI itself, "own or lease and operate their respective hospitals and other assets and businesses." *Id.*

Moreover, Plaintiffs append the homepage of CHSI's website in support of the contention that it operates hospitals, including the Washington hospital in question. ECF No. 11-1. But also listed on the same page is information that its "*affiliates* own, operate or lease" hospitals. *Id.* (emphasis added). Elsewhere on the website, the legal information states:

> Community Health Systems, Inc. is a holding company and does not engage in any business other than those activities associated with being a publicly traded (NYSE: CYH) stock company, such as, listing agreements with the New York Stock Exchange ('NYSE') and registration and compliance with the U.S. Securities and Exchange Commission ('SEC'). CHSPSC, LLC provides management services to Community Health Systems, Inc., including assisting it with its compliance obligations with both the NYSE and the SEC. Both of these institutions require that public companies maintain information on an internet website that is accessible to shareholders; this website fulfills those obligations. . . .Statements that include the words 'we,' 'us,' 'our,' 'the Company,' and similar inclusive words are intended to be summary

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS **-** 7

> information about the consolidation of Community Health Systems, Inc., and its subsidiaries taken as a whole, and are not intended to bind or imply that the actions of one legal entity should be attributed to the actions of another legal entity (such as Community Health Systems, Inc.). In its registered filings with the SEC, Community Health Systems, Inc., is required to adhere to the SEC's principles of 'plain English' and avoid the use of defined terms, jargon, and parenthetical exculpatory statements; for ease of reading, Community Health Systems, Inc. and CHSPSC, LLC adhere to those principles throughout this website.
>
> Each hospital affiliated with Community Health Systems, Inc. and CHSPSC, LLC is owned (or leased) and operated by a separate and distinct legal entity. Each such legal entity is responsible for the healthcare services delivered at its respective facility, employs its own management and other personnel, and grants medical staff privileges and credentials to its own, separate medical staff.

ECF No. 14-1 at 2.

Viewed in context, it is evident that CHSI had no employees, did not own or operate any hospitals, and referred to it and its subsidiaries through words like "we" and "our"—such that it understandably gave Plaintiffs reason to believe CHSI directly owned or operated the hospitals and employed its staff and physicians. Consequently, Plaintiffs' documentary evidence indicating that CHSI was involved in recruitment, patient care, and other aspects of hospital management does not support its prima facie showing because CHSI was broadly referring to it and its affiliates. *See, e.g.*, ECF No. 11-2 at 5, 16–17, 20; ECF No. 11-13.

Plaintiffs do not allege or provide documentation of any other forum-related activities that CHSI engaged in other than that it owned and operated a Washington

hospital. Thus, the Court cannot undertake a personal jurisdiction analysis. As it appears that Plaintiffs merely sued the wrong defendant, this motion is more appropriately viewed as a motion to dismiss for failure to state a claim. In any case, the Court concludes that Plaintiffs have not met their prima facie showing of jurisdiction. Accordingly, the Court does not exercise personal jurisdiction over CHSI.

Plaintiffs alternatively request the opportunity to conduct targeted jurisdictional discovery of CHSI's relevant forum-specific subsidiaries. ECF No. 10. The Court declines to do so given that CHSI's motion to dismiss and reply brief contain sufficient information to guide Plaintiffs in their search of a proper defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Lack of Jurisdiction, **ECF No. 6**, is **GRANTED**.
2. Plaintiffs' claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk's Office is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE** the file.

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 28th day of March 2019.

*[signature]*
_____
SALVADOR MENDOZA, JR.
United States District Judge